(June 24, 1904.)

## BRANCA v. FERRIN.
[77 Pac. 636.]

ACTION TO QUIET TITLE—WHEN CANNOT BE MAINTAINED—ADMISSION OF RECORD OF FORECLOSURE PROCEEDINGS AS EVIDENCE, ERROR WHEN.

1. Where it is shown that the action is to quiet title to land which is a part of the public domain, that the plaintiff or his predecessor in interest have never occupied the land or filed a possessory claim to such land, as provided in section 4552, Revised Statutes, it cannot be maintained.

2. Where it is shown that the plaintiff in the action neither in person nor by his predecessor in interest ever filed a possessory claim on land to which he seeks to quiet the title. nor was never in possession thereof, it is error to admit the record of the foreclosure proceedings through which he claims title when the defendant is in the possession of the premises.

(Syllabus by the court.)

APPEAL from a judgment of the District Court of Custer County, and from an order overruling a motion for a new trial. Judgment reversed. Honorable James M. Stevens, Judge.

. The facts are stated in the opinion.

Hawley, Puckett & Hawley, for Appellant.

It will be noticed from an examination of the complaint in this action that the plaintiff alleges title in fee to an undivided

one-half interest in the land in question. As we take it, under such an allegation, in order for the plaintiff to prevail in this action he must show that he is the owner as alleged in his complaint, and unless he shows, as alleged in his complaint, that he is the owner in fee of such undivided one-half interest, we contend that he cannot recover in this action, as the defendants deny the ownership in fee of the plaintiff and set up by way of further answer and cross-complaint, the fact that the land is unsurveyed government land, which, if true, cannot be owned in fee; and immediately upon the fact being shown that the land in question is unsurveyed public land, the plaintiff must fail in his action. As we understand it, a title in fee is the largest estate which a person can have, and is an absolute, unqualified estate. If that be the law, an estate in fee to this particular property being in the government of the United States, the plaintiff has failed to substantiate his complaint, and he has no title whatever to the land or any portion thereof, it being a well-established rule of law that the plaintiff in an action to quiet title must first show title in himself. The only allegation of an adverse interest claimed by the defendants is as follows: "That the said plaintiff claims title in fee to the said premises, and that the said defendants, and each of them, claim an estate or interest therein adverse to the said plaintiff, as the plaintiff is informed and believes and therefore alleges." The allegation is not that the defendants claim some interest in the premises, but that the plaintiff is informed and believes that they do. This, we contend, is no statement of any cause of action. (*Pfister v. Dascey*, 65 Cal. 403, 4 Pac. 393.)

E. E. Chalmers for Respondent.

The object of an action to quiet title is to enable plaintiff to dispel whatever may be regarded, not only by the defendant, but also by third persons, as a cloud on his title, depreciating its value; and therefore, though a formal allegation of adverse claim may be necessary in the complaint under Code of Civil Procedure of California, section 738, providing that the action will lie to determine "adverse claims," it is immaterial whether or not defendant actually asserted such adverse claim

before the commencement of the action. (*Bulwer Con. Min. Co. v. Standard Con. Min. Co.,* 83 Cal. 609, 23 Pac. 1102 (1108) ; 4 Notes on California Reports, p. 65.) Section 738, *supra,* is identical with section 4538, Idaho Revised Statutes. Nick Millick conveyed an undivided one-half interest in the property in question to Galacio, who in turn conveyed the same interest to the defendants. Plaintiff obtained his title and right to the other undivided half interest by the foreclosure proceedings. Thus the plaintiff and defendants became tenants in common of said premises. As between tenants in common and cotenants, there can be no adverse possession unless there has been an ouster by the party claiming adversely, and the possession of one is the possession of all. (Buswell on Limitations and Adverse Possession, secs. 296, 297; Tyler on Ejectment and Adverse Enjoyment, pp. 926, 927; 1 Cyc. of Law & Pr., pp. 1073, 1078; *Fry v. Payne,* 82 Va. 759, 1 S. E. 197; *Page v. Branch,* 97 N. C. 97, 2 Am. St. Rep. 281, 1 S. E. 625-627; *McCauley v. Harvey,* 49 Cal. 497.) The mere occupation of one is presumed to be not adverse to the other cotenant. (Buswell on Limitation and Adverse Possession, secs. 299, 300; Wood on Limitations of Actions, pp. 558, 559; 1 Cyc. of Law & Pr., pp. 1071, 1075; *Edwards v. Bishop,* 4 N. Y. 61; *Culver v. Rhodes,* 87 N. Y. 348.) Possession, payment of taxes, and appropriations of rents and profits do not necessarily amount to adverse possession. (1 Cyc. of Law & Pr., p. 1076.) The plaintiff has established a legal title (as against all persons except the United States government) to an undivided one-half interest in and to the premises in controversy, and is, therefore, presumed to have been possessed thereof within the time required by law, and the occupation of the property (i. e., an undivided half interest) by another person is deemed to have been under and in subordination to such legal title, unless it appear that the property has been held and possessed adversely to such legal title for five years before the commencement of the action. (Idaho Rev. Stats., sec. 4039; 3 Idaho Code, sec. 3120; *Martin v. Walker,* 68 Cal. 317, 9 Pac. 185.) To acquire and establish title by prescription, the claimant must show that his adverse holding was open, notorious and continuous. (*Mauldin*

*v. Cox,* 67 Cal. 387, 7 Pac. 804; *Grayden v. Hurd,* 55 Fed. 724, 5 C. C. A. 258.) Under the defendants' plea of adverse possession, no evidence is admissible except the evidence of title and their deed was for an undivided one-half interest. (*Perkins v. Eaton,* 64 N. H. 359, 10 Atl. 704; *Greenhill v. Biggs,* 85 Ky. 155, 7 Am. St. Rep. 579, 2 S. W. 774.) No length of possession will give title in land to a party who only claims to own the improvements on said land. (*Davenport v. Sebring,* 52 Iowa, 364, 3 N. W. 403.) The possession of land, claiming only the improvements, and not the land itself, does not constitute adverse possession of the land. (*Brown v. Simpson,* 67 Tex. 25, 2 S. W. 644.) To effect ouster of cotenants, notice of adverse claim is required, or such possession that notice may fairly be presumed. (*Culver v. Rhodes,* 87 N. Y. 348; *Trenouth v. Gilbert,* 63 Cal. 407; *Bath v. Valdez,* 70 Cal. 350, 11 Pac. 724; Bailey on Onus Probandi, pp. 257, 258; *Dignan v. Nelson,* 26 Utah, 186, 72 Pac. 936; *Clymer v. Dawkins,* 3 How. 674, 11 L. ed. 778; *M'Clung v. Ross,* 5 Wheat. 116, 5 L. ed. 46; *Estate of Grider,* 81 Cal. 571, 22 Pac. 908; *Trenouth v. Gilbert,* 63 Cal. 404, 407; *Gage v. Downey,* 79 Cal. 140, 21 Pac. 527, 855; *Owen v. Morton,* 24 Cal. 373.) The tenant in common out of possession has a right to assume that the possession of his cotenant is his possession until informed to the contrary, either by express notice or by acts and declarations, which may possibly be equivalent to notice. (*Miller v. Myers,* 46 Cal. 535; *Aguirre v. Alexander,* 58 Cal. 217; *Unger v. Mooney,* 63 Cal. 586, 49 Am. Rep. 100; *Bath v. Valdez,* 70 Cal. 350, 11 Pac. 724; *Carpenter v. Mendenhall,* 28 Cal. 484, 87 Am. Dec. 135; *McCauley v. Harvey,* 49 Cal. 497.) Under the circumstances of this case, mere possession and payment of taxes is insufficient to establish adverse possession of title or right thereby. The exclusive occupation of the whole tract, and cultivation of the same, and payment of taxes, by a tenant in common, are not of themselves sufficient to constitute an ouster of the cotenant. (*Packard v. Johnson,* 51 Cal. 545, cited *Phelan v. Smith,* 100 Cal. 167, 34 Pac. 667; *Packard v. Johnson,* 57 Cal. 180, cited *Oneto v. Restano,* 78 Cal. 376, 20 Pac. 743; *Gage v. Downey,* 79 Cal. 159, 21 Pac. 527, 855.)

It does not appear that defendants were holding said premises under color of title or claim of right for the full period of five years or that the taxes assessed were actually paid by defendants. (Idaho Rev. Stats. 4040-4044.) It is contended by defendants that this, being unsurveyed public land of the United States, is not the subject of a suit to quiet the title thereto, and that the action cannot therefore be maintained. An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim. (Rev. Stats., sec. 4538; 3 Code, sec. 3379, and notes; *Fry v. Summers,* 4 Idaho, 424, 39 Pac. 1118.) An action to quiet title to lands is maintainable in this state, although the legal title thereto is in the government of the United States. (*Orr v. Stewart,* 67 Cal. 275, 7 Pac. 693.) Under the above section it is not essential that the complaint should aver the plaintiff to be the owner in fee; it will be sufficient if it appear that the plaintiff claims an interest in the land, and that the defendant asserts a claim of title adverse to the plaintiff's claim. (*Stoddart v. Burge,* 53 Cal. 394; *Rough v. Simmons* (Cal.), 3 Pac. 91; *Rough v. Booth* (Cal.), 3 Pac. 91.) The owner of an estate in lands less than a fee can maintain an action to determine an adverse claim made by another person. (*Pierce v. Felter,* 53 Cal. 18; *Wilson v. Madison,* 55 Cal. 5; *Craft v. Merrill,* 14 N. Y. 456; *Lounsbury v. Purdy,* 18 N. Y. 515; *Watson v. Sutro,* 86 Cal. 500, 24 Pac. 172, 25 Pac. 64; *Tuffree v. Polhemus,* 108 Cal. 670, 41 Pac. 806; 2 Estee's Pleadings, 4th ed., sec. 2527.)

STOCKSLAGER, J.—The plaintiff commenced his action in the district court of Custer county, alleging that at the time of commencing his action he was, and for a long time had been, the owner, possessed and entitled to the possession of certain land situated in Custer county. Then after describing same property in the town of Bay Horse, we find this description of property: "And also that undivided one-half interest of, in and to that certain piece or parcel of land situate, lying and being at the mouth of Bay Horse creek, being inclosed by a fence, and known as the Calkins ranch or land claim, together with all improvements and appurtenances thereto be-

longing, and all water and ditch rights therewith connected and heretofore used upon and for the same."

The second allegation is that the said plaintiff claims title in fee to the said premises and that the said defendants, and each of them, claim an estate or interest therein, adverse to the said plaintiff, as the plaintiff is informed and believes and therefore alleges.

Third, the plaintiff alleges that the claim of the said defendants, and each of them, is without any right whatever. Then follows the prayer for relief in accordance with the above allegation.

Defendants answering deny each and all the allegations of the complaint and for a further answer and defense allege: 1. "That all the land and premises described in the complaint herein is vacant public land, and is unsurveyed; that on the twenty-second day of August, 1896, the defendants herein settled upon the premises described in the complaint herein as being inclosed by a fence at the mouth of Bay Horse creek, which said premises were at said time, and ever since have been, and now are, unsurveyed public lands belonging to the United States, and have ever since resided thereon; and have been in the actual and peaceable possession thereof, and entitled to the possession, and the owners thereof except as against the government of the United States, since said date." The next allegation is: "That the defendants have been in the quiet and peaceable possession of the premises described in said complaint, holding and claiming the same adversely to the said plaintiff, and adversely to all other persons, except the government of the United States, for more than five years last past, and before the commencement of this suit, and that neither the plaintiff or ancestor, or predecessor or grantors, was or were possessed of the said lots of land, or either, or any portion thereof, within five years before the commencement of this action; and that the defendants have paid all the taxes that have been assessed against said premises."

By way of cross-complaint defendants allege that they are now, and were at the commencement of this suit, and for more than five years before that time, and from thence up to that

time had been, in the quiet and peaceable possession and occupancy of the land in controversy, together with all improvements and appurtenances thereto belonging, also water and ditch rights therewith connected, etc. That the said plaintiff has no right, title or interest, or right of possession, in or to the said described premises, or any part thereof; that the said plaintiff claims to have some right, title, interest, or right of possession, in or to the said described pieces and lots of land adverse to defendants, and claims that he is the owner thereof, and claims title thereto in fee.

Defendants allege that the said claim of plaintiff to said lots and pieces of land above described, whatever it may be as against the rights of these defendants, is without foundation, and is called upon for his title to said land and premises. Then follows prayer in compliance with the allegations above referred to.

The answer to the cross-complaint denies that the defendants were at the time of the commencement of the suit, or at any time or at all, in the quiet and peaceable possession of the premises in controversy; denies that the plaintiff has no right, title or interest or right of possession, etc.; denies that the said claim of plaintiff as against the right of defendants is or ever was without foundation, or ever was a cloud upon defendants' or either of their title or right in or to said land and premises, or that either of them has or had, immediately preceding the commencement of this action, any title or right whatever in or to said premises or any part or portion thereof, which is or ever was or could be the subject of, or cloud or encumbrance thereon.

Then for affirmative defense the plaintiff set up a judgment and decree of the district court of Custer county, by which it is shown that in an action of foreclosure then and there pending, in which the plaintiff and one John Millick, as administrator of the estate of Nick Millick, deceased, the predecessor in interest of the defendants herein, were defendants, and one Boas D. Pike, intervener, a judgment and decree of foreclosure and sale was given in favor of the plaintiff therein and herein and against the intervener therein, which decree, among other

things, provided that the plaintiff had a prior and superior lien upon the premises involved in the action; that execution issued on said decree and was delivered to the sheriff of Custer County, who on the tenth day of September, 1900, sold said premises to the plaintiff in this action. That the sheriff issued to said purchaser a certificate of sale, etc.; that on the eleventh day of September, 1901, no redemption from said sale having been made, the sheriff executed and delivered to plaintiff a deed to the premises; that ever since that time plaintiff has been in the actual, continuous and peaceable possession of said premises, and the whole thereof, and has paid all taxes, state, county and municipal thereon.

These were the issues joined, and upon them the cause was tried by the court. Findings of fact and conclusions of law were filed and judgment entered accordingly.

The first finding is, "That the plaintiff is now, and for a long time heretofore has been, the owner, possessed and entitled to the possession . . . . of that undivided one-half interest in and to that certain piece of land." Then follows the description of the land in controversy.

The third finding is, "That the claim of the defendants, and each of them, is without any right whatever, and that the said defendants, or either of them, have no right, title or interest whatever in and to said lands or premises, or any part or portion thereof, except said undivided one-half interest in said Calkins ranch."

It seems to be an undisputed fact that the land in controversy is unsurveyed public land, the plaintiff basing his right to recovery on his title from the sheriff of Custer county through a foreclosure proceeding and sale thereunder, and defendants basing their right to possession by virtue of a settlement which it is alleged was open, notorious and undisputed from the twenty-second day of August, 1896, and more than five years prior to the institution of this action. It being practically conceded that the property in dispute is a part of the public domain and also unsurveyed land, hence not subject to entry and sale, the important question arises as to who has been in possession and who was in possession at the time of the commencement of this suit.

It is conceded that the title to the property is in the government of the United States, and at most the only question that can be settled here is the right to possession. We will only examine the pleadings and evidence to determine this question. From the evidence it is shown that the defendants have been living in the house upon the premises in dispute since August, 1896. As we view it, it is unimportant, at this late date, how or under what circumstances they became possessed of the property; they were there beyond a question under color of right, and it is nowhere shown that they were placed in possession by the plaintiff or his grantor in the mortgage, or that they were the cotenants, partners or agents of Nick Millick, who, it is shown at one time was the owner of the improvements on the land and the party from whom plaintiff through his mortgage foreclosure proceedings obtained all the claim he has to the property. It is not shown that the plaintiff or his predecessor was ever in the actual possession of the property. It is alleged in the pleadings of the plaintiff that such was the fact, but he does not prove it. The only parties shown to have actually lived upon the premises were the defendants and one Sereaphiro Galacio, who sold his interest in the premises to the defendants, who immediately took possession and have resided there ever since. This transfer was made, as shown by the record, on the twenty-second day of August, 1896. We think the evidence establishes the fact that Nick Millick was at one time the owner of the improvements on the premises in controversy, and that he mortgaged a one-half interest to O. J. Salsbury, and thereafter mortgaged the same interest to the plaintiff herein for a sum sufficient to pay the Salsbury mortgage. Also that he sold the other half interest to Galacio, the party from whom the defendants claim to have obtained possession. These conclusions are supported by the evidence.

W. J. Treloar, a witness for the plaintiff, testified that he had known Nick Millick fifteen or sixteen years, that he resided in Bay Horse and was engaged in the hotel business and ranching; that he knew the ranch at the mouth of Bay Horse creek, sometimes called the Calkins ranch, and sometimes called the Millick ranch. Being asked if he ever knew Millick to live upon

this piece of land, replied he never lived there that he knew of. He further testified that he knew both of the Ferrins. "They lived on this piece of land; they commenced living there five, six or seven years ago and have resided there continuously ever since; no one else lived there that I know of." The plaintiff testified that he resided in Bay Horse and had resided there eighteen years. This is all of the evidence of plaintiff with reference to the occupancy or possession of this land and the evidence of witness Treloar, taken in connection with the evidence of the defendant Ellen Ferrin, shows conclusively that the Ferrins have resided upon the land continuously since 1896. It is also shown that they have paid the taxes assessed against the property since 1899, and that the property was assessed in the name of Arthur Ferrin. It is not shown that the property was ever assessed as the property of plaintiff. We find in the record that certain ranch property was assessed as the property of plaintiff, but it is shown to have been a ranch about a mile below the town of Bay Horse, hence not this property. The assessment-roll of Custer county shows that the plaintiff paid taxes for the years 1899, 1900, 1901 and 1902 on a valuation of $50 each year on a ranch about a mile below the town of Bay Horse formerly owned by Celestel Branca.

Counsel for respondent urges that the notice given by Arthur Ferrin and published in the "Challis Messenger" is conclusive that he did not claim this land by virtue of his settlement and occupancy thereof, it being unsurveyed public lands until after the date of such publication. The notice is as follows:

"To all whom it may concern:

"You are hereby notified to remove all improvements off the Millick and Ferrin ranch as provided by law and pay all claims against said improvements.

(Signed) "ARTHUR FERRIN.

"Dated March 6, 1901."

It is shown that the Ferrins had been residing upon these premises as the sole occupants for almost five years prior to the date of this notice; the only taxes ever shown to have been paid upon the premises were paid by the Ferrins. The notice was not.

directed to any particular person, simply a notice in effect that they claimed the right to possession, and if anyone claimed any of the improvements they must remove them after paying all claims against said improvements. If conclusions are to be drawn from this notice, they must be that Mr. Ferrin did not recognize anyone's right to occupy or possess any portion of the land in controversy, but that if anyone claimed any of the improvements, they might remove them by paying all claims against them.

A number of errors are assigned by appellant as to the admission of certain exhibits offered by the plaintiff; they were the records in the case of Mal Branca against John Millick, as administrator of the estate of Nick Millick, deceased, and Boaz D. Pike, intervener, wherein the plaintiff foreclosed a certain mortgage theretofore executed and delivered by Nick Millick to plaintiff, a part of the property described in said mortgage being the property in controversy here.

Millick could only mortgage the improvements on this land as the title then and now is in the government of the United States. We cannot see how this evidence could aid the plaintiff in a recovery in this action under the pleadings and evidence, as it was not shown that the plaintiff or his predecessor in interest ever filed a possessory claim to the property in dispute, or ever lived upon or occupied it, and he must have shown one or the other fact to exist before he could maintain an action of this character.

Other errors are assigned, but with our view of the case it is unnecessary to pass upon them, as the plaintiff is not entitled to the relief demanded in his complaint under the proof he has submitted. He asks for that which the court is powerless to give, and the judgment must be reversed and remanded to the lower court for further proceedings in harmony with the views herein expressed. Costs are awarded to the appellant.

Ailshie, J., concurs.

Sullivan, C. J., concurs.